UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICKIE M. STRINGER; TRIPLE CROWN PRODUCTIONS, LLC; VICKIE STRINGER AGENCY, LLC.,

                Plaintiffs,

-against-

SIMON & SCHUSTER, INC; ATRIA BOOKS DIVISION; SIMON & SCHUSTER DIGITAL MEDIA,

                Defendants.

25-CV-0670 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiffs Vickie M. Stringer, Triple Crown Productions, LLC, and Vickie Stringer Agency, LLC bring this action without counsel. To proceed with a civil action in this court, plaintiffs must either pay a $405.00 fee – comprised of a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, each submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Corporate entities, however, are not permitted to proceed IFP. *See Rowland v. Ca. Men's Colony, Unit II Advisory Council*, 506 U.S. 194, 196 (1993) ("[O]nly a natural person may qualify for treatment *in forma pauperis*."). Thus, the two limited liability companies cannot proceed IFP. Accordingly, the Court directs Plaintiffs, within thirty days of the date of this order, to pay the $405.00 in fees.

    Moreover, a corporation cannot proceed *pro se* in federal court. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Instead, a corporation must be represented by an attorney. Accordingly, for Triple Crown Productions, LLC, and Vickie Stringer Agency, LLC, to proceed

with this action, within 30 days, an attorney must appear on behalf of Triple Crown Productions, LLC, and Vickie Stringer Agency, LLC.

If Plaintiffs fail to comply with this order within the time allowed, or seek an extension of time to do so, the action will be dismissed without prejudice.

## CONCLUSION

Within 30 days of the date of this order, Plaintiffs must (1) pay the $405.00 in filing fees; and (2) have an attorney appear on behalf of the Triple Crown Productions, LLC, and Vickie Stringer Agency, LLC, because these entities cannot proceed *pro se*. If Plaintiffs fail to comply with this order within the time allowed, or seek an extension of time to do so, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 23, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                    Chief United States District Judge