USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/28/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKIE M. STRINGER,

Plaintiff,

v. Case No. 1:25-CV-670

SIMON & SCHUSTER, INC.,

Defendant.

MOTION FOR ENTRY OF DEFAULT

TO THE HONORABLE MARY KAY VYSKOCIL, UNITED STATES DISTRICT JUDGE:

Plaintiff Vickie M. Stringer, proceeding pro se, respectfully moves this Court for entry of default against Defendant Simon & Schuster, Inc. pursuant to Federal Rule of Civil Procedure 55(a) for Defendant's failure to answer, move, or otherwise respond to Plaintiff's Amended Complaint within the time permitted by law.

STATEMENT OF FACTS

1. On February 5, 2025, Plaintiff filed an Amended Complaint against Defendant (ECF Doc. 8).

2. On March 4, 2025, this Court ordered service of the Amended Complaint via the United States Marshals Service (ECF Doc. 11).

3. On April 24, 2025, Defendant was properly served with the Amended Complaint and summons, as evidenced by the Marshal's Process Receipt and Return of Service Executed filed as ECF Doc. 14.

4. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant had twenty-one (21) days from the date of service to answer or otherwise respond to the Amended Complaint.

5. Defendant's deadline to respond expired on May 15, 2025.

6. As of the date of this motion, Defendant has failed to answer, move, or otherwise respond to the Amended Complaint, despite the expiration of the response deadline.

7. Defendant is not an infant or incompetent person as defined by Federal Rule of Civil Procedure 55(a).

8. Plaintiff has not received any communication from Defendant or counsel indicating an intention to respond or requesting an extension of time.

LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Entry of default is appropriate when: (1) the defendant was properly served; (2) the defendant failed to answer or otherwise respond within the time permitted; and (3) the defendant is not an infant or incompetent person. See Priestley v. Headminder, Inc., 647 F.2d 195, 197 (2d Cir. 1981).

ARGUMENT

All requirements for entry of default have been satisfied in this case. First, Defendant was properly served on April 24, 2025, as confirmed by the Marshal's Return of Service. Second, Defendant failed to answer or otherwise respond within the twenty-one day period required by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Third, Defendant is a corporation and therefore not an infant or incompetent person.

Defendant's failure to respond demonstrates a clear disregard for this Court's jurisdiction and the judicial process. Entry of default is warranted and necessary to ensure the orderly administration of justice.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter default against Defendant Simon & Schuster, Inc. pursuant to Federal Rule of Civil Procedure 55(a); and

B. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Vickie M. Stringer
VICKIE M. STRINGER
Pro Se Plaintiff
3124 Genevieve Drive
Columbus, Ohio 43219

Telephone: (614) 961-5117
Email: Vickiemstringer@gmail.com


CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2025, a true and correct copy of the foregoing
Motion for Entry of Default was served upon all parties by the method(s) indicated below:

☐ By hand delivery
☐ By first-class mail, postage prepaid
☐ By electronic mail
☐ By overnight delivery service
☒ By certified mail, return receipt requested

To: Simon & Schuster, Inc.
Legal Department
1230 Avenue of the Americas
New York, New York 10020

AND

To: Simon & Schuster, Inc.
c/o CT Corporation System (Registered Agent)
28 Liberty Street
New York, New York 10005

Since no counsel has appeared for Defendant, service is made directly upon Defendant at its
principal place of business and upon its registered agent for service of process.

/s/ Vickie M. Stringer
VICKIE M. STRINGER
Pro Se Plaintiff


Plaintiff is directed to review the Marshal's Process Receipt and Return of Service Executed.
[ECF No. 14]. As explained in that filing, pursuant to a standing order of the Court,
Defendant here has 60 days from the date it mails or delivers to the U.S. Marshals Service the
completed Acknowledgment of Receipt of Service. Accordingly, Defendant's answer is due
June 13, 2025 and Plaintiff's motion is HEREBY DENIED without prejudice to renewal.
SO ORDERED.

Date: 5/28/2025
New York, New York

Mary Kay Vyskocil
United States District Judge