USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VICKIE M. STRINGER,
Plaintiff,
v.
SIMON & SCHUSTER, INC.,
Defendant.

Case No. 1:25-CV-670

# MOTION TO CLARIFY COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Vickie M. Stringer respectfully moves this Court for leave to clarify certain language in her Complaint to ensure accuracy and prevent potential misinterpretation.

## BACKGROUND

Plaintiff filed her Complaint on January 20, 2025, alleging breach of contract, copyright infringement, fraudulent accounting, and unjust enrichment arising from Defendant's systematic violations of publishing agreements spanning over two decades.

## CLARIFICATION REQUESTED

Plaintiff seeks to clarify the language in Paragraph 3 of the Facts section, which currently states:"Defendant has breached the Amendment Agreement by continuing to apply Plaintiff's royalty earnings towards prior debts, thereby 'zeroing out' her royalties, in direct violation of the Amendment's terms."

**CLARIFIED LANGUAGE:**"Defendant has breached the Amendment Agreement by failing to cease the practice of applying Plaintiff's royalty earnings towards prior

debts, thereby continuing to 'zero out' her royalties despite the February 18, 2014 Amendment's express prohibition of this practice."

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits amendments to pleadings, and clarifications that do not change the fundamental nature of claims are routinely granted. *See Foman v. Davis*, 371 U.S. 178 (1962). Such clarifications relate back to the original filing date under Federal Rule 15(c) when they arise from the same conduct and do not assert new claims.

## BASIS FOR CLARIFICATION

1. **Accuracy**: The clarification ensures the pleading accurately reflects that the breach consists of Defendant's failure to comply with the 2014 Amendment's terms prohibiting the continued application of royalty earnings to prior debts.
2. **No Prejudice**: The clarification does not change the fundamental claims, add new parties, or alter the relief requested.
3. **Same Operative Facts**: All facts and claims remain identical; only the clarity of expression is improved to accurately reflect the Amendment's prohibition.
4. **Relation Back**: This clarification relates back to the original Complaint filed January 20, 2025, as it arises from the same operative facts discovered on October 25, 2024, and does not assert new claims or change the fundamental nature of Plaintiff's allegations.
5. **No Time Bar Issues**: The clarification pertains to the same conduct and time period alleged in the original Complaint.

## CONCLUSION

The requested clarification will improve accuracy and prevent misinterpretation without prejudicing any party or changing the substance of Plaintiff's claims. The clarification relates back to the original filing date and does not implicate any statute of limitations concerns.

**WHEREFORE**, Plaintiff respectfully requests this Court grant this Motion to Clarify Complaint.

**Respectfully submitted**,
/s/ Vickie M. Stringer
Vickie M. Stringer, Pro Se Plaintiff
3124 Genevieve Drive
Columbus, Ohio 43219
vickiemstringer@gmail.com
614-961-5117

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2025, a true and correct copy of the foregoing Motion to Clarify Complaint was served upon Defendant by [method of service - e.g., electronic filing through CM/ECF system, first-class mail, etc.] at:

Simon & Schuster, Inc.
1230 Avenue of the Americas
New York, New York 10020

/s/ Vickie M. Stringer
Vickie M. Stringer, Pro Se Plaintiff

---

If Plaintiff seeks to amend her complaint, she may do so without leave of the Court on or before 21 days after Defendant has filed its answer or motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). A complaint must be one "short and plain statement of the claim." *See* Fed. R. Civ. P. 8(a).
SO ORDERED.

Date: 5/28/2025
New York, New York

Mary Kay Vyskocil
United States District Judge