USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/20/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICKIE M. STRINGER,

           Plaintiff,

-against-

SIMON & SCHUSTER, INC.,

           Defendant.

---

1:25-cv-0670 MKV

ORDER DENYING TEMPORARY RESTRAINING ORDER, MOTION TO COMPEL, AND MOTION TO STRIKE

MARY KAY VYSKOCIL, United States District Judge:

On January 21, 2025, Plaintiffs Vickie M. Stringer, Triple Crown Productions, LLC, and Vickie Stringer Agency LLC, attempting to proceed *pro se*,[1] commenced this action by filing a complaint against Simon & Schuster, Inc., Atria Books Division, and Simon & Schuster Digital, Media regarding the use and distribution of a series of books written by Ms. Stringer. [ECF No. 1]. Thereafter, Plaintiff filed an Amended Complaint ("Am. Compl."), which dropped all parties except *pro se* Plaintiff Vickie M. Stringer and Defendant Simon & Schuster, Inc. and brought claims of copyright infringement, breach of contract, fraudulent accounting, and unjust enrichment. [ECF No. 8].

Now, more than four months later, Plaintiff has filed a motion seeking a temporary restraining order enjoining Defendant from "continuing to reproduce, distribute, license, or profit from Plaintiff's copyrighted works in violation of her exclusive rights and in breach of terminated publishing agreements." [ECF No. 24 at 1 ("Mot. for TRO")]. Defendant filed an answer, [ECF No. 23 ("Ans.")], and thereafter Plaintiff filed a motion to compel production of a contract, and a motion to strike Defendant's answer and affirmative defenses. [ECF Nos. 27 ("Mot. to Compel"),

---

[1] In a prior order, the Court explained that corporate entity plaintiffs, Triple Crown Productions, LLC and Vickie Stringer Agency LLC may not proceed *pro se* and thus ordered each to pay the requisite filing fee and have an attorney appear on their behalf. [ECF No. 5]. Neither party did so.

28 ("Mot. to Strike")]. Defendant also filed an opposition to the motion for a temporary restraining order, attaching a declaration and several exhibits. [ECF No. 29 ("Def. Opp.")]. For the reasons discussed below Plaintiff's motions are DENIED.

## DISCUSSION

### I. Motion for Temporary Restraining Order

The Court recognizes that Plaintiff is proceeding *pro se* and as such the Court must "liberally construe[]" documents submitted by Plaintiff. *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008); *see also Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)) ("Courts must afford *pro se* plaintiffs 'special solicitude' " in reviewing their filings.). However, this leniency does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

To obtain a temporary restraining order and/or preliminary injunction, a party must demonstrate establish that she is likely to suffer irreparable harm in the absence of preliminary relief, that she is likely to succeed on the merits, that the balance of equities tips in her favor, and that an injunction is in the public interest. *See Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020). If the Court "cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims," it may grant a temporary restraining order when the other elements are met, there are "serious questions going to the merits" of the case, and "the costs outweigh the benefits of not granting the injunction." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 82–83 (2d Cir. 2024); *J.Z. v. New York City Dep't of Educ.*, 281 F. Supp. 3d 352, 359 (S.D.N.Y. 2017) ("The standards for granting a temporary restraining order and preliminary injunction are the same."). A temporary restraining

order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

"To establish irreparable harm, the moving party must show 'an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of money damages.' " *St. Joseph's Hospital Health Center v. American Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025). Even when construed liberally, Plaintiff's submission does not demonstrate that she is likely to suffer irreparable harm absent an injunction.[2] In her motion, Plaintiff merely states in a conclusory fashion that Defendant's continued publishing, sublicensing, and selling of her works pursuant to allegedly "terminated contracts" causes her "irreparable" "economic and reputational" harm, as well as harm to her "brand." Mot. for TRO at 2–3. She provides no facts or legal authority to support her claim that she has faced or will imminently face, reputational or economic harm. *Id.*; *Cunningham*, No. 19-CV-5480 (AJN), 2019 WL 5887450, at *1 (S.D.N.Y. Nov. 9, 2019) (denying a motion for a temporary restraining order where Plaintiff's filings in support of the motion "contain no legal analysis or justification for why the Court should grant him injunctive relief.").

Moreover, Plaintiff has not explained why monetary damages are inadequate to remedy her alleged harm, especially her "economic" harm. *See Salinger*, 607 F.3d 68, 80 (2d Cir. 2010)

---

[2] Previously, courts in the Second Circuit presumed irreparable harm if the plaintiff was able to make out a *prima facie* showing of patent infringement. *See, e.g.*, *ABKCO Music Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 64 (2d Cir. 1996). However, in light of the Circuit's ruling in *Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010), courts in the Second Circuit do not make such a presumption and may only issue a temporary injunction if it determines the plaintiff has shown that "the failure to issue an injunction would actually cause irreparable harm." *See, e.g.*, *Salinger*, 607 F.3d at 82 (holding that the presumption of irreparable harm in copyright cases was abrogated by *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390, (2006)); *Getty Images (US), Inc. v. Microsoft Corp.*, 61 F. Supp.3d 296, 299 (S.D.N.Y. 2014) (citing *Salinger*, 607 F.3d at 79–80) ("A court may not presume irreparable injury in the copyright context; rather the plaintiff must demonstrate actual harm that cannot be remedied later by monetary damages should the plaintiff prevail on the merits.").

(holding that, to show irreparable harm a Plaintiff must establish that "monetary damages, are inadequate to compensate for [his or her] injury."); *Cunningham*, 2019 WL 5887450, at *1 (denying a temporary restraining order motion when the Plaintiff did not "explain why, in the event he prevails in this appeal, a later grant of monetary damages would not be [a] sufficient remedy."); *Clark v. Childs*, 416 F. Supp. 3d 221, 224 (E.D.N.Y. 2017) (denying a preliminary injunction and temporary restraining order motion where the plaintiffs failed to show that their "purported harms could not be remedied through money damages, which is the preferred remedy in copyright cases").

Moreover, Plaintiff has failed to offer any explanation for her delay in seeking emergency relief.  *See* Mot. for TRO.  Plaintiff initiated this action in January 2025 and did not seek emergency relief until more than four months later.  [ECF No. 1].  Courts consider Plaintiffs' delay in seeking relief since delays may suggest that any expected harm is not irreparable, not imminent, and relief is not urgently needed.  *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 222 (S.D.N.Y. 2019) (quoting *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) ("[D]elay, 'standing alone,' may 'preclude the granting of preliminary injunctive relief" because it "suggests that there is, in fact, no irreparable injury.').  In fact, "courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months," as is the case here. *See Lewis v. Gov't of England & United Kingdom*, No. 1:22-CV-10792, 2023 WL 2664081, at *3 (S.D.N.Y. Mar. 28, 2023), *aff'd sub nom. Lewis v. Gov't of England & the United Kingdom*, No. 23-500-CV, 2023 WL 8664492 (2d Cir. Dec. 15, 2023) (quoting *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998)); *see also Purgess v. Parauda*, No. 20-CV-2984 (RA), 2021 WL 2269540, at *4 (S.D.N.Y. June 3, 2021) ("Although the Court is reluctant to apply these principles [regarding delay] strictly in a *pro se* action, Plaintiff's delay does, to at least

some extent, counsel against the finding of an imminent harm that could be remedied only by emergency relief."). Irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction," *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 672 (2d Cir. 2023), and therefore, Plaintiff's failure to sufficiently demonstrate this requirement is fatal and the Court need not consider the other requirements for an injunction. *See Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).

Plaintiff seeks extraordinary relief, now on an expedited basis, and she has not, even with the special solicitudes afforded to a *pro se* Plaintiff, *Anderson Bey v. Roc Nation LLC*, No. 1:24-CV-02295, 2025 WL 560751, at *5 (S.D.N.Y. Feb. 20, 2025), "carrie[d] the burden of persuasion" required to receive such a drastic remedy. *Moore*, 409 F.3d at 510 (quoting *Mazurek*, 520 U.S. at 972); *see also Cunningham*, No. 19-CV-5480, 2019 WL 5887450, at *1 (S.D.N.Y. Nov. 9, 2019) (denying *pro se* Plaintiff's request for a temporary restraining order or a preliminary injunction because he failed to carry his "burden on any of the three requirements" by failing to provide "any legal analysis or justification for why the Court should grant him injunctive relief"). Thus, Plaintiff's request for a temporary injunction must be denied.

**II.     Motion to Compel Production of a Contract**

Plaintiff requests that the Court order Defendant to produce a contract which she asserts was reported in royalty statements for a particular book she authored titled *Dirty Red*. *See* Mot. to Compel at 1. Plaintiff states that she previously has requested a copy of the contract several times from Defendant. Mot. to Compel at 5.

Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by

stipulation, or by court order." Fed. R. Civ. P. 26(d). Though Defendant's answer was timely filed before the pending motion to compel and the Court recently ordered that the parties commence discovery, [ECF No. 31], the parties apparently have not yet met and conferred pursuant to Rule 26(f) or exchanged initial disclosures pursuant to Rule 26(a)(1), and no other exceptions apply here. Accordingly, Plaintiff's motion to compel production is premature. *See Whitehead v. Walt Disney Co.*, No. 24-CV-2283 (MMG) (JW), 2025 WL 1190868, at *1 (S.D.N.Y. Apr. 22, 2025).

Further, Plaintiff has not followed this Court's Individual Rules of Practice in Civil Cases. Paragraph 3(D) states that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." *See* Individual Rules of Practice in Civil Cases ¶ 3(D). The rule goes on to state that if the meet-and-confer process does not resolve the dispute, the parties must together file a joint letter regarding the dispute. *Id.* Plaintiff did not follow this required process and instead skipped straight to filing a motion to compel. Though Plaintiff states that she requested a copy of the contract several times, she includes no affirmation that she made any a good faith attempt to meet and confer with Defendant on this issue over the phone or in person. Accordingly, the pending motion was improperly filed and is denied without prejudice.[3]

### III.   Motion to Strike Defendant's Answer and Affirmative Defenses

Plaintiff moves to strike Defendant's answer, arguing that it contains "systematic misrepresentations, contradictory statements, and fraudulent exhibits" and the affirmative defenses

---

[3] Moreover, this request may be mooted by an attachment to Defendant's declaration in support of its opposition to the motion for a temporary restraining order. [ECF Nos. 29-1, 29-2, 29-8]. Defendant's Declaration states that on October 20, 2003 the parties entered into a licensing contract regarding *Dirty Red* and attaches an October 20, 2003 agreement between the parties regarding an "Untitled Work" and a later agreement purporting to amend the October 20, 2003 agreement, which it explains involved the publishing rights for *Dirty Red*. [ECF Nos. 29-1, 29-2, 29-8].

contained therein "lack evidence" and include contradictions. Mot. to Strike at 1, 6–12.[4] Though motions to strike are generally disfavored, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08 Civ. 9464 (RMB) (MHD), 2009 WL 734073, at *1 (S.D.N.Y. Mar. 16, 2009) (quoting *Roe v. City of N.Y.*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)); Fed. R. Civ. P. 12(f). As an initial matter, Plaintiff's reference to fraudulent exhibits is perplexing, since the Answer attaches no exhibits. Plaintiff makes no argument that any part of the answer is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Accordingly, the Court construes the pending motion as an attempt to show that defenses in the Answer are "insufficient." *Id.*

A court must analyze three factors to determine if affirmative defenses should be stricken from an answer: (1) whether "there is no question of fact which might allow the defense" to meet the plausibility standard applied to pleadings; (2) whether "there is no question of law which might allow the defense to succeed;" and (3) whether "the plaintiff would be prejudiced by inclusion of the defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 95–96 (2d Cir. 2019). Plaintiff has the burden to show that the Court should strike the Defendant's answer. *See Levine v. Merrill Lynch*, No. 09 CIV. 304 (PGG), 2009 WL 10691070, at *4 (S.D.N.Y. Dec. 22, 2009); *Walsh v. City of New York*, 585 F. Supp. 2d 555, 557 (S.D.N.Y. 2008). Plaintiff has not met her burden.

Plaintiff makes no argument that she is prejudiced by any of Defendant's defenses, which were timely filed. *GEOMC Co.*, 918 F.3d at 98 (holding that the prejudice element "will normally

---

[4] The motion to strike is procedurally improper. According to Paragraph 4(A)(i) of this Court's Individual Rules of Practice in Civil Cases, Plaintiff was required to file a pre-motion letter prior to filing the motion to strike. The purpose of this requirement is to allow the Court to review the movant's intended arguments and discuss with the movant to avoid meritless motion practice to the extent practicable.

depend on when the defense is presented"). Plaintiff merely asserts that Defendant has not produced sufficient supporting evidence or argues that Defendant's legal analysis is incorrect for each defense. Mot. to Strike 6–9. She further appears to request that the Court issue Defendant an ultimatum related to each affirmative defense—Defendant must either produce a document or offer a particular legal analysis or the Court will strike the defense. *See* Mot. to Strike at 6 ("COMPEL: Produce the Publishing Agreements within 30 days or STRIKE this defense."), 7 ("COMPEL: Identify specific representations and detrimental reliance with supporting evidence or STRIKE" and "COMPEL: Produce evidence of modifications with consideration or STRIKE"), 8 ("COMPEL: Address concealment tolling with supporting legal analysis or STRIKE"). This is not how litigation works. A motion to strike "should not be used as an opportunity for the determination of disputed, substantial questions of law." *Rich v. Miller*, 634 F. Supp. 3d 66, 72 (S.D.N.Y. 2022) (quoting *E.E.O.C. v. Kelley Drye & Warren, LLP*, 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011)). And a litigant need not produce all of its proof at the time of pleading. Plaintiff will be permitted to seek discovery and further assess and challenge Defendant's proof and legal arguments. Plaintiff has not carried her burden and thus the motion to strike must be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a temporary restraining order is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion to compel is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion to strike is DENIED.

The Clerk of Court is respectfully requests to terminate the motions pending at docket entries 24, 27, 28.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

**Date:  June 20, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**