UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKIE M. STRINGER,

Plaintiff,

-against-

SIMON & SCHUSTER, INC.,

Defendant.

1:25-cv-00670 (MKV)

PROPOSED CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING ORDER

Mary Kay Vyskocil, United States District Judge

This proposed Civil Case Management Plan is submitted by Defendant, Simon & Schuster LLC ("Defendant"), in accordance with Federal Rule of Civil Procedure 26(f)(3) but is intended by Defendant to provide clarity to this Court where the Parties have consensus and/or disagreement:

1.    The Parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

      The Parties are free to withhold consent without adverse substantive consequences. The Parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2.    The Parties disagree on whether this case is to be tried to a jury.

3.    Amended pleadings may not be filed and additional parties may not be joined except with leave of this Court. Any motion to amend or to join additional parties shall be filed within thirty (30) days after Defendant files an Answer in this action.

**DISCOVERY**

4.    Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., were served on July 9, 2025.

5.    Fact discovery:

      ***Plaintiff's Position***

      Plaintiff states that all fact discovery shall be completed by September 22, 2025.

      ***Defendant's Position***

      Defendant intends to file a pre-motion conference request to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and is requesting to stay discovery pending a ruling on the motion to dismiss. Given that the scope of fact discovery in this

action will necessarily depend on this Court's ruling on any motion to dismiss, fact discovery should be stayed. Fact discovery shall immediately commence upon Defendant's filing of an Answer in this action and shall be concluded within ninety (90) days thereafter.

6.   The Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to this Court, provided that all fact discovery is completed by the date set forth in Paragraph 5 above:

   a. Requests for Production of documents to be served within twenty-one (21) days after Defendant files an Answer in this action.
   b. Interrogatories to be served within twenty-one (21) days after Defendant files an Answer in this action.
   c. Depositions to be completed no later than ninety (90) days after Defendant files an Answer in this action.
   d. Requests to Admit to be served within twenty-one (21) days after Defendant files an Answer in this action.

7.   <u>Expert Discovery</u>

   a. All expert discovery shall be completed no later than sixty (60) days after the close of fact discovery.
   b. No later than thirty (30) days prior to the completion of all fact discovery, the Parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in Paragraph 8(a).

8.   In the case of discovery disputes, the Parties should follow Local Rule 37.2 and this Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute with this Court **must first meet and confer in good faith** with the opposing party, in person or by telephone, in an effort to resolve the dispute.

9.   All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and this Court's Individual Practice Rules.

10.  All counsel must meet for at least one hour to discuss settlement and the use of alternate dispute resolution within fourteen (14) days after the close filing of a responsive pleading.

11.  The Parties have discussed settlement and the use of alternate dispute resolution.

   a. The Parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following: the Parties have

informally exchanged information in aid of early settlement, and may continue to informally exchange information by the same means at their discretion.

b.  The Parties have discussed the use of the following alternate dispute resolution mechanisms: (i) a settlement conference before a Magistrate Judge (ii) participation in the District's Mediation Program (iii) retention of a privately retained mediator. The Parties propose: a settlement conference before a Magistrate Judge.

c.  The Parties recommend that the alternate dispute resolution mechanism designated in Paragraph (b) be employed within thirty (30) days after the close of fact discovery.

*(**NOTE**) The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.* Unless this Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

12.  The Parties have conferred and their present best estimate of the length of trial are as follows: Plaintiff estimates that trial will require 3–5 days, while Defendant estimates that trial can be completed in 3 days.

13.  The Parties disagree as to the number of depositions that should be taken in this matter, particularly when Plaintiff is seeking expedited discovery and relief.

### Plaintiff's Position

Plaintiff requests an unlimited number of depositions, including of individuals in the legal and executive departments of Simon & Schuster.

### Defendant's Position

Simon & Schuster objects to the taking of depositions of any lawyers or executives of Simon & Schuster and respectfully requests that this Court limit depositions in this case to four (4) witnesses per side given the expedited discovery sought by Plaintiff and accepted by Defendant.

14.  Plaintiff and Defendant could not agree to the scope of a protective order in this case. Accordingly, Plaintiff and Defendant will submit alternative confidentiality stipulations and protective orders for this Court's consideration. Plaintiff's proposed order is attached as **Exhibit A**. Defendant's proposed order is a standard form used in the Southern District of New York and is attached as **Exhibit B.**

**- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -** .

***TO BE COMPLETED BY COURT:***

The Plan has been reviewed by this Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

A Post-Discovery Conference is scheduled for _____ at _____ in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a.  a statement of any existing deadlines, due dates, and/or cut-off dates;

    b.  a brief description of any outstanding motions;

    c.  a brief description of the discovery undertaken and if either party believes any additional discovery that needs to be completed, the reason why the discovery has not been undertaken.

    d.  a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e.  a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f.  a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (*see* Individual Practice Rules ¶4(A)(i));

    g.  any other issue that the parties would like to address at the conference; and

    h.  any other information that the parties believe may assist this Court in advancing the case to settlement or trial.

If no Summary Judgment motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 2(G) of this Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended.**

_____
                          Hon. Mary Kay Vyskocil
                      United States District Judge

Dated: _____
        New York, New York

# EXHIBIT A

## CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKIE M. STRINGER,
Plaintiff,

-against-

SIMON & SCHUSTER, INC.,
Defendant.

Case No. 1:25-cv-00670 (MKV)

WHEREAS, the parties having agreed to the following terms of confidentiality, and this Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." The Parties agree that this Order does not apply to materials already in the public domain, already in the receiving party's lawful possession prior to discovery, or independently obtained through lawful means.

The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action. Nothing in this Order shall restrict Plaintiff's use of her own original works, contracts, communications, or materials she authored or created.

In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by this Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:
- The requesting party and counsel, including in-house counsel;
- Employees of such counsel assigned to and necessary to assist in the litigation;
- Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
- This Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with this Court).

Prior to disclosing or displaying the Confidential Information to any person, counsel must:
- Inform the person of the confidential nature of the information or documents;
- Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
- Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with this Court under seal. The parties shall follow this Court's procedures for requests for filing under seal. Plaintiff specifically reserves the right to file any document as part of the public record, subject to the Court's sealing procedures, and objects in advance to any overuse of "confidential" designations to prevent proper judicial review.

At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject

to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. Nothing herein shall limit Plaintiff's ability to pursue remedies, legal actions, or regulatory complaints arising from the facts disclosed in this case, provided that any designated materials used outside this action will be subject to appropriate court review or legal process.

SO STIPULATED AND AGREED.

Dated: _____, 2025
New York, New York

Plaintiff: _____

Counsel for Defendant: _____

SO ORDERED:
Hon. Mary Kay Vyskocil
United States District Judge

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled Vickie M. Stringer v. Simon & Schuster, Inc., Case No. 1:25-cv-00670 (MKV), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 2025
Name (printed): _____
Signature: _____
Signed in the presence of: _____ (Attorney)

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKIE M. STRINGER,

Plaintiff,

-against-

SIMON & SCHUSTER, INC.,

Defendant.

1:25-cv-00670 (MKV)

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and this Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.     The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by this Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.     Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

      a.     The requesting party and counsel, including in-house counsel;

      b.     Employees of such counsel assigned to and necessary to assist in the litigation;

      c.     Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

       d.     This Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with this Court).

5.     Prior to disclosing or displaying the Confidential Information to any person, counsel must:

       a.     Inform the person of the confidential nature of the information or documents;

       b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

       c.     Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

8.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.     Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with this Court under seal. The parties shall follow this Court's procedures for requests for filing under seal.

10.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.


Dated: _____, 20__
          New York, New York



_____                    _____
  Plaintiff                                         Counsel for Defendant

                                                    SO ORDERED.



                                                    _____
                                                    Hon. Mary Kay Vyskocil
                                                    United States District Judge

3

**EXHIBIT A**

**Agreement**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Vickie M. Stringer v. Simon & Schuster, Inc.* Case No. 1:25-cv-00670 (MKV) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

      Dated: _____, 20__

_____          _____
Name (printed)                                        Signature

Signed in the presence of:

_____
(Attorney)