USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKIE M. STRINGER,

        Plaintiff,

-against-

SIMON & SCHUSTER, INC.,

        Defendant.

1:25-cv-0670 MKV

SCHEDULING ORDER

MARY KAY VYSKOCIL, United States District Judge:

    The Court is in receipt of the parties' letters regarding Defendant's contemplated motion to dismiss claims and to strike Plaintiff's claim for punitive damages asserted in the First Amended Complaint, [ECF No. 37], as well as Defendant's request to stay discovery pending the resolution of those motions. [ECF Nos. 52, 56]. Plaintiff argues that such motions would be procedurally improper because it has since filed a Second Amended Complaint ("SAC"). [ECF Nos. 53, 56]. However, Plaintiff was not permitted to file the SAC without leave of the Court as required by Rule 15 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course . . . *In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave*.") (emphasis added). Accordingly, Defendant's request for leave to file a motion to dismiss is not procedurally improper because the First Amended Complaint is the operative complaint and was not superseded by the filed Second Amended Complaint. Plaintiff is admonished to familiarize herself with the Federal Rules, the SDNY Local Rules, and this Court's Individual Rules of Practice in Civil Cases. The Court is also in receipt of Plaintiff's request for leave to file a motion *in limine* to exclude certain evidence, Plaintiff's letter motion to compel production of a contract, and Plaintiff's memorandum of law in support of her claims and motion for sanctions, filed in rapid succession. [ECF Nos. 58, 59, 61].

Based on the Court's careful review of the parties' letters, a pre-motion and initial pretrial conference is not necessary.

Accordingly, IT IS HEREBY ORDERED that the initial pretrial conference scheduled for Wednesday, July 29, 2025 is adjourned *sine die.*

IT IS FURTHER ORDERED that, by August 8, 2025, Plaintiff shall file a letter informing the Court and Defendant whether Plaintiff intends to amend the First Amended Complaint to address the issues and deficiencies identified in Defendant's July 14, 2025 letter. [ECF No. 52]. **This will be Plaintiff's last opportunity to amend in response to any issue raised in the parties' pre-motion letters.**

IT IS FURTHER ORDERED that, if Plaintiff elects to amend, she shall file the amended complaint by September 3, 2025. Defendant shall respond within 14 days. If Defendant responds with a motion to dismiss, Plaintiff's opposition shall be filed on or before October 15, 2025 and Defendant's reply shall be filed on or before October 22, 2025.

IT IS FURTHER ORDERED that, if Plaintiff elects not to amend, Defendant shall file its contemplated motion by August 22, 2025. Plaintiff's opposition shall be filed on or before September 19, 2025 and Defendant's reply shall be filed on or before September 26, 2025.

IT IS FURTHER ORDERED that Defendant's motion to stay discovery pending the resolution of its anticipated motion to dismiss is granted and discovery in this case is HEREBY stayed.

IT IS FURTHER ORDERED that Plaintiff's motion to compel production of a particular document, [ECF No. 59], is denied as procedurally improper as the Court has previously explained in its Order at docket number 31, and because discovery in this case is now stayed.

IT IS FURTHER ORDERED that Plaintiff's pre-motion letter requesting leave to file a motion *in limine*, [ECF No. 58]. is denied without prejudice to renewal nearer trial. The purpose of a motion *in limine* is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted). The case is in its early stages, a responsive pleading or dispositive motion has not yet been filed, *see* Fed. R. Civ. P. 12, 56, and the case is not yet approaching trial. Accordingly, a motion *in limine* would be premature at this time. *See, e.g.*, *Reed v. Edmonds*, No. 05 CIV. 5906 SHS/HBP, 2006 WL 435453, at *1 (S.D.N.Y. Feb. 22, 2006).

IT IS FURTHER ORDERED that Plaintiff's memorandum of law in support of her claims and seeking sanctions and reversion of rights, [ECF No. 61], is denied. There is no provision in the Federal Rules of Civil Procedure at this point in the litigation for a legal memorandum in support of Plaintiff's claims. After careful review of Plaintiff's memorandum, the Court declines to impose sanctions against Defendant. Given Plaintiff's *pro se* status, the Court construes Plaintiff's request for a finding that the publishing agreements between the parties are "null and void" and require "immediate reversion of all rights to Plaintiff" as a motion for a temporary restraining order. *See Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008) (holding that courts must "liberally construe[ ]" documents submitted by *pro se* parties); s*ee also Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)) ("Courts must afford pro se plaintiffs 'special solicitude' " in reviewing their filings.).

As the Court has previously explained in a prior opinion denying Plaintiff's motion for a temporary restraining order, [ECF No. 32], Plaintiff has not established that she is likely to suffer

3

irreparable harm, why monetary damages are inadequate to remedy her alleged harm, or why the Court should forgive her nearly seven month delay in requesting such relief.

**Plaintiff is specifically warned to refrain from filing numerous, frivolous and procedurally improper motions and pre-motion letters.** *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (holding that *pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." (citations omitted)).

**The parties are reminded that failure to comply with this Order or with any order of the Court, or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court respectfully is requested to terminate the motions pending at docket entry 51, 52, 58, 59, and 61.

**SO ORDERED.**

Date:  July 25, 2025
       New York, NY

_____
**MARY KAY VYSKOCIL
United States District Judge**