USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/4/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKIE M. STRINGER,

                Plaintiff,

-against-

SIMON & SCHUSTER, INC.,

                Defendant.

1:25-cv-0670 MKV

<u>ORDER DENYING TEMPORARY
RESTRAINING ORDER,
PRELIMINARY INJUNCTION &
MOTION TO COMPEL</u>

MARY KAY VYSKOCIL, United States District Judge:

      On January 21, 2025, Plaintiffs Vickie M. Stringer proceeding *pro se*,[1] commenced this action by filing a complaint against Simon & Schuster, Inc. regarding the use and distribution of a series of books written by Ms. Stringer. [ECF No. 1 ("Compl.")]. More than four months later, Plaintiff filed a motion seeking a temporary restraining order ("TRO") enjoining Defendant from "continuing to reproduce, distribute, license, or profit from Plaintiff's copyrighted works in violation of her exclusive rights and in breach of terminated publishing agreements." [ECF No. 24 at 1 ("First Mot.")]. Soon after, Plaintiff filed a motion to compel production of a contract involving the book *Dirty Red*, and a motion to strike Defendant's answer and affirmative defenses. [ECF Nos. 27, 28]. The Court denied each motion, denying the motion for a TRO for failure to show irreparable harm. [ECF No. 32].

      Thereafter, Defendant requested leave to file a motion to dismiss and moved to stay discovery pending the resolution of the anticipated motion to dismiss. [ECF No. 52]. Plaintiff thereafter, filed in rapid succession a request for leave to file a motion *in limine* to exclude certain evidence, a second motion to compel production of a contract regarding the book *Dirty Red*, which was the subject of Plaintiff's prior unsuccessful motion to compel, and a memorandum of law in

---

[1] Other parties named in the original complaint were dropped from subsequent amended complaints.


support of her claims and a motion for sanctions and reversion of rights. [ECF Nos. 58, 59 ("Second Mot. to Compel"), 61 ("Memorandum for Sanctions and Reversal of Rights")]. Plaintiff's Memorandum for Sanctions and Reversal of Rights requested that the Court declare the publishing agreements between the parties were "null and void" and required "immediate reversion of all rights to Plaintiff." *See* Memorandum for Sanctions and Reversal of Rights

The Court granted Defendant leave to file a motion to dismiss, granted the stay of discovery, and granted Plaintiff leave to amend the operative complaint to address the deficiencies identified in Defendant's pre-motion letter. [ECF No. 62]. The Court denied each of Defendant's then-pending motions, denying the second motion to compel for the same reasons the prior motion to compel was denied and because discovery had been stayed. [ECF No. 62]. The Court construed Plaintiff's Memorandum for Sanctions and Reversal of Rights as a second motion for a temporary restraining order and denied the motion for failure to allege irreparable harm. [ECF No. 62].

Plaintiff thereafter filed the operative complaint, titled "Third Amended Complaint" alleging claims—breach of contract, willful copyright infringement, vicarious copyright infringement, and fraudulent concealment.[2] [ECF No. 64 ("Third Amended Complaint" or "TAC") 64-1, 64-2, 64-3 ("TAC Exs.")]. During briefing of the motion to dismiss, and with leave of the Court, Plaintiff filed a third motion for a temporary restraining order requiring Defendant to "[c]ease all distribution, sales, and licensing of Plaintiff's titles including 'Let That Be the Reason,' 'Still Dirty,' 'Dirty Red,' 'Imagine This,' 'The Reason Why,' and 'Dirtier Than Ever' pending discovery to determine the full scope of unauthorized use and revenue concealment." [ECF Nos. 72, 80[3] ("Pl. Mem.")]. Plaintiff filed a declaration with appended exhibits in support of her motion.

---

[2] The Third Amended Complaint separately describes "Lanham Act Trademark Violations." TAC ¶¶ 33–40.

[3] Plaintiff was granted leave to refile the motion to correct the poor image in the initial filing. [ECF No. 78].

[ECF Nos. 72, 80 ("Stringer Decl.")]. Defendant opposed the motion and also filed a declaration with appended exhibits in support of its opposition. [ECF No. 81 ("Def. Opp."), 81-1 ("Lopez Decl.")]. Plaintiff also filed a pre-motion letter seeking leave to file a third motion to compel production of the contract regarding the book *Dirty Red* which was the subject of both of Plaintiff's prior motions to compel, or in the alternative a motion to strike Defendant's references to the contract. [ECF No. 71 ("Pre-motion Ltr.")].

Thereafter, Plaintiff filed a letter advising the Court that she intended her third motion for a TRO to be understood as a motion for both a TRO and a preliminary injunction. [ECF No. 82]. For the reasons discussed below Plaintiff's third motion for a TRO, motion for a preliminary injunction and request to file a third motion to compel are DENIED.

## DISCUSSION

### I.  Motion for TRO and Preliminary Injunction

Plaintiff filed a letter a week after she filed a motion seeking only a TRO, requesting that the Court construe the TRO motion as seeking both a TRO and preliminary injunction. [ECF No. 82]. The Court will construe the motion as such, though Plaintiff's request is untimely, because the standards for granting a both motions are the same. *See, e.g.*, *J.Z. v. New York City Dep't of Educ.*, 281 F. Supp. 3d 352, 359 (S.D.N.Y. 2017) ("The standards for granting a temporary restraining order and preliminary injunction are the same."); *compare Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (stating the standard for granting a preliminary injunction) with *HarperCollins Publishers L.L.C. v. Gawker Media LLC*, 721 F. Supp. 2d 303, 306 (S.D.N.Y. 2010) (stating the standard for granting a temporary restraining order).

The Court recognizes that Plaintiff is proceeding *pro se* and as such the Court must "liberally construe" documents submitted by Plaintiff. *McLeod v. Jewish Guild for the Blind*, 864

F.3d 154, 156 (2d Cir. 2017); *see also Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (*pro se* pleadings and briefs are "interpreted to raise the strongest claims they suggest"); *Koger v. Richardson*, 858 F. App'x 425, 425 (2d Cir. 2021) (summary order) (holding that courts must afford *pro se* plaintiffs "special solicitude" in reviewing their filings). However, this leniency afforded to *pro se* plaintiffs does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

To obtain a temporary restraining order and/or preliminary injunction, a party must demonstrate that she is likely to suffer irreparable harm in the absence of preliminary relief, that she is likely to succeed on the merits, that the balance of equities tips in her favor, and that an injunction is in the public interest. *See Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020). If the Court "cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims," it may grant a temporary restraining order when the other elements are met, there are "serious questions going to the merits" of the case, and "the costs outweigh the benefits of not granting the injunction." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 82–83 (2d Cir. 2024). A temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

A preliminary injunction may be either prohibitory or mandatory. *N. American Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 36 (2d Cir. 2018). "Prohibitory injunctions maintain the status quo pending resolution of the case; mandatory injunctions alter it." *Id.* "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a

heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" *Id.* (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)). Here, Plaintiff seeks a mandatory injunction because she seeks to order Defendant to "*[c]ease* all distribution, sales, and licensing of Plaintiff's titles." Pl. Mem. at 1 (emphasis added). Still, Plaintiff fails to meet the lower standard for prohibitory injunctions.

### A. Irreparable Harm

"To establish irreparable harm, the moving party must show 'an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of money damages.'" *St. Joseph's Hospital Health Center v. American Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025). Even when construed liberally, Plaintiff's submission does not demonstrate that she is likely to suffer irreparable harm absent an injunction.

First, Plaintiff asserts that there should be a rebuttable presumption of irreparable harm in her case because she established a likelihood of success on her trademark claims. *See* Pl. Mem. at 3, 6 (citing *Forschner Grp., Inc. v. Arrow Trading Co.*, 30 F.3d 348, 353 (2d Cir. 1994) and citing *Hasbro, Inc. v. Lanard Toys, Ltd.*, 858 F.2d 70, 73 (2d Cir. 1988)). Indeed, under the Trademark Modernization Act of 2020, a plaintiff "shall be entitled to a rebuttable presumption of irreparable harm . . . upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction." *Atari Interactive, Inc. v. Printify, Inc.*, 714 F. Supp. 3d 225, 238 (S.D.N.Y. 2024), *appeal withdrawn sub nom. ABC v. Does 1-10*, No. 24-501, 2024 WL 3963729 (2d Cir. June 12, 2024) (citing 15 U.S.C. § 1116). However, as discussed below, Plaintiff has not established a likelihood of success on the merits and, therefore, she is not entitled to such a presumption.

Moreover, Plaintiff does not otherwise make a showing of irreparable harm. In support of a finding of irreparable harm, Plaintiff states in a conclusory fashion and without legal support that Defendant's alleged trademark infringement causes "consumer confusion about source and sponsorship" and that the confusion cannot be adequately compensated through monetary awards. *See* Pl. Mem. at 7.; Stringer Decl. Plaintiff also alleges that in June 2025 the Library of Congress confirmed that in February 2008, Defendant applied without authorization to obtain a Library of Congress Control Number ("LCCN") 2008922287. *See id.* at 2; Stringer Decl. Plaintiff alleges that this LCCN Number is used and displayed improperly inside Simon & Schuster's Atria's edition of "Let That Be The Reason." *Id.*; Stringer Decl. Plaintiff argues, without any legal support, that this alleged "corruption of permanent federal records" has created "irreversible damage to Plaintiff's publishing identity and reputation that no amount of money can restore." *Id.* at 7.

Loss of reputation or goodwill are often sufficient in trademark cases to show irreparable harm. *See, e.g.*, *Algood Casters Ltd. v. Caster Concepts, Inc.*, No. 20-CV-4623 (LJL), 2020 WL 5274172, at *4 (S.D.N.Y. Sept. 4, 2020); *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 325 (S.D.N.Y. 2010) ("It is well-settled that a trademark owner's loss of goodwill and ability to control its reputation constitutes irreparable harm sufficient to satisfy the preliminary injunction standard." (citing cases) (internal citations omitted)). But plaintiffs "must do more than assert that [consumer] confusion [resulting from infringement] will irreparably injure them" and must provide more than "conclusory statements of loss of reputation and goodwill." *Atari Interactive*, 714 F. Supp. 3d at 238, *appeal withdrawn sub nom. ABC v. Does 1-10*, No. 24-501, 2024 WL 3963729 (2d Cir. June 12, 2024) (quoting *Two Hands IP LLC v. Two Hands Am., Inc.*, 563 F. Supp. 3d 290, 301 (S.D.N.Y. 2021); *see also UMG Recordings, Inc. v.*

*OpenDeal Inc.*, 2022 WL 2441045, at *10, (S.D.N.Y. July 5, 2022) ("UMG offers only conclusory statements of loss of reputation, which will not justify an irreparable harm finding."); *Algood Casters*, 2020 WL 5274172, at *4 (finding Plaintiff's "conclusory statements [were] not sufficient to carry Algood's burden of establishing irreparable harm" where "[p]laintiff [was] unable to offer any evidence of actual consumer confusion or actual or threatened lost sales to support its claim"); *Biosafe-One, Inc. v. Hawks*, 524 F. Supp. 2d 452, 465 (S.D.N.Y. 2007) ("Plaintiffs' conclusory statements that consumers are confused do not prove actual confusion and plaintiffs have cited no credible instances of actual confusion."). Plaintiff has done nothing to show how Defendant has harmed her reputation, how they confused consumers, or how that confusion caused irreparable harm.

Moreover, beyond making conclusory statements, Plaintiff again has not explained why monetary damages are inadequate to remedy her alleged harm. *See Salinger*, 607 F.3d 68, 80 (2d Cir. 2010) (holding that, to show irreparable harm a Plaintiff must establish that "monetary damages, are inadequate to compensate for [his or her] injury."); *Cunningham*, 2019 WL 5887450, at *1 (denying a temporary restraining order motion when the Plaintiff did not "explain why, in the event he prevails in this appeal, a later grant of monetary damages would not be [a] sufficient remedy."); *Clark v. Childs*, 416 F. Supp. 3d 221, 224 (E.D.N.Y. 2017) (denying a preliminary injunction and temporary restraining order motion where the plaintiffs failed to show that their "purported harms could not be remedied through money damages, which is the preferred remedy in copyright cases").

Finally, Plaintiff has failed to offer any explanation for her delays in seeking emergency relief. See Pl. Mem. After two failed attempts at seeking a TRO Plaintiff is now seeking emergency relief again nearly eight months after initiating the lawsuit. Compl.; Pl. Mem. Courts consider Plaintiffs' delay in seeking relief since delays may suggest that any expected harm is not irreparable,

not imminent, and relief is not urgently needed. *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 222 (S.D.N.Y. 2019) (quoting *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) ("[D]elay, 'standing alone,' may 'preclude the granting of preliminary injunctive relief' " because it "suggests that there is, in fact, no irreparable injury."). In fact, "courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months," as is the case here. *See Lewis v. Gov't of England & United Kingdom*, No. 1:22-CV-10792, 2023 WL 2664081, at *3 (S.D.N.Y. Mar. 28, 2023), *aff 'd sub nom. Lewis v. Gov't of England & the United Kingdom*, No. 23-500-CV, 2023 WL 8664492 (2d Cir. Dec. 15, 2023) (quoting *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998)); *see also Purgess v. Parauda*, No. 20-CV- 2984 (RA), 2021 WL 2269540, at *4 (S.D.N.Y. June 3, 2021) ("Although the Court is reluctant to apply these principles [regarding delay] strictly in a pro se action, Plaintiff's delay does, to at least some extent, counsel against the finding of an imminent harm that could be remedied only by emergency relief.").

Plaintiff seeks extraordinary relief and she has not, even with the special solicitudes afforded to a *pro se* Plaintiff, *Anderson Bey v. Roc Nation LLC*, No. 1:24- CV-02295, 2025 WL 560751, at *5 (S.D.N.Y. Feb. 20, 2025), "carrie[d] the burden of persuasion" required to receive such a drastic remedy. *Moore*, 409 F.3d at 510 (quoting *Mazurek*, 520 U.S. at 972); see also *Cunningham*, No. 19-CV-5480, 2019 WL 5887450, at *1 (S.D.N.Y. Nov. 9, 2019) (denying *pro se* Plaintiff's request for a temporary restraining order and a preliminary injunction because he failed to carry his "burden" by failing to provide "any legal analysis or justification for why the Court should grant him injunctive relief"). Thus, Plaintiff's request for a temporary injunction must be denied.

B.        **Likelihood of Success on the Merits**

There is some confusion about which claims Plaintiff in fact asserts. The Third Amended Complaint lists four "counts" of breach of contract, willful copyright infringement, vicarious copyright infringement, and fraudulent concealment. TAC ¶¶ 58–66. However, the Third Amended Complaint also separately describes "Lanham Act Trademark Violations," requests damages pursuant to 15 U.S.C. § 1117(b) for "willful trademark violations" and appends "USPTO Trademark Documentation" for an alleged mark of "Triple Crown Publications." TAC ¶¶ 33–40; TAC Ex. C-2. Considering the "special solicitude" afforded to *pro se* plaintiffs, the Court liberally construes the Third Amended Complaint as asserting federal trademark claims. *See, e.g.*, *Koger*, 858 F. App'x at 425 (summary order); *Watts v. Brito*, No. 1:23-CV-7836 (LTS), 2023 WL 7111051, at *2 (S.D.N.Y. Oct. 27, 2023).

Plaintiff does not argue that she has a likelihood of success on the merits of her breach of contract, copyright, or fraudulent concealment claims. Pl. Mem. at 4–6. Instead, she argues only that she has established a likelihood of success on the merits for a trademark infringement claim under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), and "willful and intentional infringement." *See* Pl. Mem. at 4–6. To state a claim for trademark infringement under the Lanham Act pursuant to 15 U.S.C. § 1114, a plaintiff must show (1) plaintiff's mark is entitled to protection, and (2) the defendant's use of the mark is "likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 102 (2d Cir.2010) (quoting *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004)). In addition to other elements, a Plaintiff must show the same to state a claim of false designation of origin under the Lanham Act. *See Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003); *Pulse Creations, Inc. v. Vesture Grp., Inc.*, 154 F. Supp. 3d 48, 56 (S.D.N.Y. 2015) (listing

additional false designation of origin elements). Manifestly, Plaintiff cannot show that trademark infringement was willful, without demonstrating trademark infringement itself. *See 4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 209–10 (2d Cir. 2019) (("[To] support a finding of willfulness in a Lanham Act case . . . a plaintiff must show '(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard . . . or willful blindness.").

Plaintiff does not sufficiently establish a likelihood of success on the merits of any of her federal trademark claims. *See Haymount Urgent Care PC v. Gofund Advance, LLC*, No. 22-CV-1245 (JSR), 2022 WL 836743, at *1 (S.D.N.Y. Mar. 21, 2022) ("To obtain a preliminary injunction, a party need only demonstrate likelihood of success on one claim against each defendant."). To demonstrate that a mark is "entitled to protection," a plaintiff may produce a "valid certificate of registration" showing her ownership of the mark. *See BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*, 408 F. Supp. 3d 508, 520 (S.D.N.Y. 2019). Plaintiff alleges that she owns the federally registered trademark "Triple Crown Publications," Serial Number 78702272. Pl. Mem. at 11. However, in support of that claim, Plaintiff appends an exhibit that merely shows a portion of a chart that Plaintiff claims is a trademark registration certificate. Stringer Decl. Ex. I. The Court cannot determine from the exhibit that Plaintiff in fact holds such a registered trademark. Indeed, a copy of the U.S. Patent Office's trademark status webpage that Plaintiff appended to her Third Amended Complaint states that the status of the "Triple Crown Publications mark" is "DEAD/Application refused/Dismissed or invalidated." *See* TAC Ex. C-2. It goes on to explain that the mark was "[a]bandoned because the applicant failed to respond or filed a late response to an Office action." *Id.* Thus, Plaintiff has not demonstrated that she has a valid certificate of registration.

To determine whether an unregistered mark is entitled to protection, the court must assess whether a mark is generic, descriptive, suggestive, arbitrary, or fanciful. *See Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 391 (2d Cir. 1995); *BBK Tobacco & Foods*, 408 F. Supp. 3d at 520 (citing *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 441 (S.D.N.Y. 2017)). Relevant considerations are whether the relevant mark is distinctive. *BBK Tobacco & Foods*, 408 F. Supp. 3d at 520; *see also Arrow Fastener*, 59 F.3d at 391. Courts also consider whether the mark has a "secondary meaning." *See, e.g.*, *Zora Labs, Inc. v. Deloitte Consulting, LLP*, No. 25-CV-4930 (AS), 2025 WL 2104953, at *2 (S.D.N.Y. July 28, 2025). Plaintiff's conclusory statement that " 'Triple Crown Records' is a federally registered, distinctive mark with a strong secondary meaning as the 'Queen of Burban Fiction' brand" is insufficient to otherwise establish an entitlement to protection. *See* Pl. Mem. at 4; *see, e.g. Daily Harvest, Inc. v. Imperial Frozen Foods Op Co. LLC*, No. 1:18-CV-05838 (ALC), 2018 WL 3642633, at *4 (S.D.N.Y. Aug. 1, 2018) (finding plaintiff failed to establish likelihood of success on the merits of a trademark infringement claim where plaintiff's claims as to secondary meaning were "conclusory"); *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trs. for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 728 (S.D.N.Y. 2019) (" 'conclusory statement[s]' [are] insufficient to demonstrate a likelihood of success.").

As explained above, Plaintiff did not sufficiently establish the element of consumer confusion by making conclusory statements that Defendant's actions are likely to cause consumer confusion. *See, e.g.*, *Biosafe*-One, 524 F. Supp. 2d at 465 ("Plaintiffs' conclusory statements that consumers are confused do not prove actual confusion and plaintiffs have cited no credible instances of actual confusion."). Accordingly, Plaintiff has certainly not demonstrated that she is likely to succeed on the merits of any trademark infringement claim under the Lanham Act.

**II.**     **Motion to Compel Production of a Contract**

Plaintiff, for the third time, seeks to compel the production of a contract related to a book she authored titled *Dirty Red*. See Pre-motion Ltr. at 1. Plaintiff seeks leave to file a motion to compel such production, or in the alternative to file a "motion to strike all references to unproduced contracts from the record." *Id.* Plaintiff seeks this leave because she is concerned that "[t]his Court is currently relying upon an unproduced document." *Id.* For the following reasons, the request is denied.

First, on July 25, 2025, this Court entered an order staying discovery in this action pending resolution of Defendant's motion to dismiss. [ECF No. 62]. Further, as the Court has previously explained, [ECF No. 32], even if there were not a stay in discovery, Plaintiff's pre-motion letter does not follow this Court's Individual Rules of Practice in Civil Cases. Accordingly, the Court will not grant Plaintiff leave to move for production of discovery. Furthermore, Plaintiff should note that when the Court resolves the pending motion to dismiss, it will generally be required to "accept as true all factual statements alleged in the complaint" and it may only otherwise consider documents attached to the complaint, documents incorporated by reference in the complaint, matters of which judicial notice may be taken, documents that were in plaintiff's possession and/or that plaintiff had knowledge of and relied on in the bringing suit. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Accordingly, the Court is not "relying upon an unproduced document", *see* Pre-motion Ltr. at 1, and plaintiff has not demonstrated that there is any reason to strike any information referencing the relevant contract.

### III.     Additional Filings

While Plaintiff is proceeding *pro se* and the Court must afford Plaintiff special solicitude, *see Quadir*, 39 F. Supp. 3d at 536 (quoting *Ruotolo*, 28 F.3d at 8), as the Second Circuit has made clear, *pro se* status does not "excuse frivolous or vexatious filings" or "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (internal quotation marks and citations omitted).

The motion to dismiss this action is fully briefed and the Court will decide that motion and any other pending motions properly filed in this action in due course. [ECF Nos. 68, 70, 75]. In the meantime, Plaintiff is directed to stop submitting repetitive and duplicative filings. Plaintiff is on notice that the continued submission of duplicative, vexatious, and/or frivolous filings may result in sanctions, including monetary penalties, loss of certain filing privileges, and/or the imposition of certain pre-filing restrictions.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's third motion for a temporary restraining order and preliminary injunction is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's pre-motion letter seeking leave to file a motion to compel, or in the alternative, a motion to strike, is DENIED without prejudice.

The Clerk of Court is respectfully requests to terminate the motions pending at docket entries 71, 72, 80, 82.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Failure to comply with the Court's orders or deadlines, the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.

**SO ORDERED.**

Date: September 4, 2025
      New York, NY

MARY KAY VYSKOCIL
United States District Judge