USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICKIE M. STRINGER,

                Plaintiff,

        -against-

SIMON & SCHUSTER, INC.,

                Defendant.

1:25-cv-0670 MKV

ORDER DENYING FEE WAIVER APPLICATION

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, proceeding *pro se*, initiated this case on January 21, 2025. [ECF No. 1]. Currently before the Court is Plaintiff's request for exemption from PACER fees. [ECF No. 92]. For the reasons contained herein, Plaintiff's request for exemption from PACER fees is DENIED.

The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER. *See* Electronic Public Access Fee Schedule, Effective January 1, 2020 (Fee Schedule), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Paragraph 8 of the Fee Schedule lists the automatic fee exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.

- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.

- No fee is charged for access to judicial opinions.

- No fee is charged for viewing case information or documents at courthouse public access terminals.

- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (i.e., once every 90 days) a list of the trustee's cases from the PACER Case Locator.

*Id.*

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. Fee Schedule ¶ 9. The party seeking a discretionary exemption "must demonstrate that an exemption beyond the . . . automatic exemptions 'is necessary . . . to avoid unreasonable burdens and to promote public access to information.'" *In re Club Ventures Invs. LLC*, 507 B.R. 91, 99-100 (S.D.N.Y. 2014).

Plaintiff makes clear that she seeks the exemption "solely for access to her own case[.]" [ECF No. 92]. However, as explained above, Plaintiff is entitled to one free electronic copy of all documents filed electronically in this case. And Plaintiff has consented to electronic service and will receive notices of court activity and documents by email. [ECF Nos. 26, 30]. Furthermore, aside from noting her *in forma pauperis* ("IFP") status and that she is experiencing "ongoing financial hardship" and thus unable to sustain recurring PACER access fees, Plaintiff alleges no facts suggesting that she will suffer an "unreasonable burden[]" without further free access to PACER beyond what she is entitled as a party and/or via ECF access. *See Pina v. New York State Gaming Comm'n*, No. 24-CV-5383 (LTS), 2024 WL 3565780, at *2 (S.D.N.Y. July 29, 2024). Moreover, Plaintiff's IFP status alone is not sufficient to warrant a special exemption from PACER fees. *Waheed v. Rentoulis*, No. 24-CV-6476, 2024 WL 4373304, at *3 (S.D.N.Y. Oct. 2, 2024); *Pina*, 2024 WL 3565780, at *2 ("A party seeking a discretionary exemption cannot solely rely on his IFP status alone."). Accordingly, Plaintiff has not demonstrated that she needs free access to PACER to obtain information about this case. Accordingly, Plaintiff's request for an exemption from PACER fees is DENIED.

The Clerk of Court respectfully is requested to terminate docket entry 92.

**SO ORDERED.**

**Date:  December 5, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**