USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICKIE M. STRINGER,<br><br>Plaintiff,<br><br>-against-<br><br>SIMON & SCHUSTER LLC,<br><br>Defendant. | 1:25-cv-670 (MKV)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

MARY KAY VYSKOCIL, United States District Judge:

On September 15, 2026, the Court issued an Opinion and Order granting in part and denying in part Defendant's motion to dismiss the Fourth Amended Complaint ("FAC"). [ECF No. 99] (the "Order"). On September 30, 2026, Plaintiff filed an incomplete and defective motion for reconsideration and supporting memorandum of law. [ECF Nos. 101, 102]. On October 1, 2026, Plaintiff filed a "Corrected Motion for Reconsideration" of the Order to the extent that it dismissed with prejudice Counts I, II, and III of the FAC. [ECF No. 104] (the "Motion" or "Mot."). Defendant filed an opposition on October 14, 2026 (ECF No. 106) ("Opp.") and Plaintiff filed a reply brief on October 16, 2026 (ECF No. 107) ("Reply"). For the reasons set forth below, Plaintiff's Motion for reconsideration is DENIED.

First, the Court notes that both Plaintiff's initial and corrected Motion were filed after the fourteen-day deadline imposed by Local Rule of Southern District and Eastern Districts of New York. *See* S.D.N.Y. Local R. 6.3 ("a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged."). Even in the case of a *pro se* plaintiff, "[a] court should not be overly lenient in accepting tardy motions for reconsideration in order to 'ensure the finality of decisions.'" *See Wang v. Williams*, No. 08 CIV. 6471 (SAS), 2009 WL 1270218, at *1 (S.D.N.Y. May 5, 2009). However, given Plaintiff ultimately filed her initial

and corrected Motion just one and two days late, respectively, the Court will entertain the Motion on its merits. *See Darnley v. Ameriquest Mortg. Co.*, No. 06-CV-4265 DLI, 2010 WL 1037971, at *1 n. 2 (E.D.N.Y. Mar. 17, 2010) (court "consider[ed] plaintiff's untimely motion [for reconsideration] in deference to his *pro se* status.").

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances". *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). A "motion for reconsideration should be granted only when the [movant] identifies [1] 'an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Plaintiff fails to meet the high bar for reconsideration and does not identify any intervening change of controlling law, new evidence, clear error, or manifest injustice in the Court's Order.

Plaintiff first argues that the Court erred by overlooking paragraph 37 of the FAC in which she alleges that electronic rights "may be exercised by Publisher only with Author's written consent on terms to be negotiated." Mot. at 3. However, Plaintiff already raised this argument in her opposition to the motion to dismiss, ECF No. 91 at 9, 14, and the Court explicitly addressed and rejected the theory in its decision, Order at 10–11 (citing FAC ¶ 37). As the Court explained in the Order, it will assume all well-pleaded factual allegations are true unless "contradicted by other allegations, attached exhibits, or documentary evidence incorporated by the Complaint." Order at 3 n. 2 (citing *Feibleman v. Trs. of Columbia Univ. in City of New York*, No. 19-CV-4327 (VEC), 2020 WL 882429, at *8 (S.D.N.Y. Feb. 24, 2020)). The Court found that Sections 1, 2(a), and 34(a)-(b) of the Publishing Agreements "unambiguously permit Defendant the right to license

her works across platforms and in the formats—electronically and audiobook—that Plaintiff claims are unauthorized." *Id.* at 10–11. The Court already considered and rejected the argument Plaintiff raises in her Motion, and nothing she raises now establishes clear error or manifest injustice.

Plaintiff also argues that her 2003 publishing agreement only conveyed rights "in book form" and not digital or e-distribution rights or for box sets, citing *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002). Mot. at 4. Once again, Plaintiff merely regurgitates an argument she made in opposition to Defendant's motion to dismiss. [ECF No. 91] at 8–9 (also citing *Random House*). "A motion for reconsideration is not a proper tool for a party dissatisfied with the court's ruling to merely relitigate issues previously determined by the court or reargue the same points that were previously raised and rejected." *Gustavia Home, LLC v. Rice*, No. 16 Civ. 2353 (BMC), 2017 WL 3669007, at *1 (E.D.N.Y. July 12, 2017) (collecting cases); *see also Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, No. 08-CV-10518, 2011 WL 1347001, at *2 (S.D.N.Y. Apr. 4, 2011) ("The Court will not re-litigate the merits of the underlying dispute on a motion for reconsideration."), *aff'd*, 495 F. App'x 129 (2d Cir. 2012). The Court specifically considered and rejected this argument, finding that the 2003 agreement's "broad language … plainly affords Defendant authorization to publish or license the pre-2007 works in the complained of formats." Order at 20–21. Plaintiff's re-hashed arguments do not demonstrate clear error or the risk of manifest injustice.

Finally, Plaintiff argues that the Court "impermissibly weighed facts and resolved equitable disputes at the pleading stage" by declining to find justifiable reliance in connection with Plaintiff's fraud claim based on Rights Manager Nicole Bond's April 16, 2025 email and by utilizing the 2014 Settlement Agreement to dismiss Plaintiff's statutory copyright claims. Mot. at 5–6. On the

fraud claim, Plaintiff ignores that the Court independently dismissed her fraud count because she did not plead damages and fraudulent intent with sufficient particularity under Rule 9(b) and because the claim suffered from the same defects as her breach of contract claim. Order at 17–19. Furthermore, it remains implausible that Plaintiff could demonstrate justifiable reliance on an email that was sent three months after she initiated this litigation. Plaintiff also mischaracterizes the Order as relying on the 2014 Settlement Agreement to represent a "copyright transfer instrument," when this Court in fact referred to that settlement only to demonstrate that the October 20, 2003 agreement covered the *Dirty Red* work. *Id.* at 11–12.

Accordingly, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court respectfully is requested to terminate the motions at docket entries 101 and 104.

**SO ORDERED.**

**Date: November 17, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**